Joseph A. Brust, J.
This is an application by the Board of Education to vacate the election of the unit administrator of a *710 community school district, and for related relief. Essentially the petitioner contends that Luis Fuentes, as unit administrator, was improperly hired by vote of less than a majority of the total membership of the local .school board, and that he has thereby been illegally .performing the duties of his office.
The respondents aver, inter alia, that the Board of Education, under the powers given it by statute to promulgate rules and regulations for governing community school districts, never specified any particular number of persons to constitute the whole local school board. They also aver that these rules and regulations expired on June 30, 1969 without renewal and that respondents therefore are free to mandate without restriction.
The facts presented show that by an adjourned meeting of July 23,1969, the local board, consisting of seven persons, voted 5-2 to hire the Unit Administrator. No consultation was had with representative groups nor was formal and timely notice of such meeting given to the public.
The legislative background for these facts stems from section 2564 of the Education Law, as amended through 1968. It provides that “ The board of education of the city school district of the city of New York * * * shall divide the city school district into such number of local school board districts as such board in its discretion may determine. * * * 2. Such board * * # shall have the power to appoint, or provide for the election of, and remove at its pleasure, a local school board * * * which shall consist of such number of members as the board shall determine from time to time. 3. The board # * * shall have the power to delegate to such local school boards, any or all of its functions, powers, and duties * * * and may modify or rescind any function, power, obligation and duty so delegated. 4. In accordance with rules and regulations to be promulgated by the board of education, each local school board shall have the power to employ a local superintendent of schools ”.
Pursuant to this legislative authority, petitioner adopted by resolution certain guidelines and delegated certain functions to local school districts, including the respondents (Guidelines to Decentralization, dated December 1968, for the period ending June 30, 1969). The respondent local board apparently consisted initially of 16 members which by attrition became 7 in number . The parties seem to agree that the local board should now consist of 10 members. However, petitioner contends any hiring of a unit administrator requires the affirmative vote of a majority of 10, while respondents urge that a majority of the present membership is legally sufficient. Since Fuentes was *711 hired by a 5-2 vote, the interpretation of these delegated powers is essential.
Section 41 of the General Construction Law provides that
‘ ‘ Whenever three or more public officers are given any power or authority, or three or more persons are charged with any public duty to be performed or exercised by them jointly or as a board or similar body, a majority of the whole number of such persons or officers * * * shall constitute a quorum and not less than a majority of the whole number may perform and exercise such power, authority or duty. For the purpose of this provision the words ‘ whole number ’ shall be construed to mean the total number which the board # * * would have were there no vacancies ’ ’. Thus, whether the local board membership was originally 16 or 10, an affirmative vote by 5 of all the permissible members was insufficient to exercise the power to hire a unit administrator. Indeed, petitioner’s guidelines restate this construction by requiring ‘ ‘ the affirmative votes of a majority of the total membership of the local school board at a public meeting on at least 4 days’ notice.” (Guidelines to Decentralization, subd. [c], par. [3], p. 16.) Respondents’ contention that these guidelines expired on June 30, 1969 thereby permitting the July election is wholly erroneous. By resolution adopted June 18, 1969, the Board of Education extended the delegation of functions until February 15, 1970. Moreover, such logic is tantamount to an unbridled arrogation of power to control government because the public office of the local school board and the exercise of its sovereign power is derived by statute and nowhere else. (See 47 N. Y. Jur., § 13 et seq., Public Officers & Employees.) Furthermore, by enactment of chapter 330 of the Laws of 1969, approved April 27, 1969, article 52-A entitled “ New York City Community School District System ”, the existing law was amended, to provide for numerical size of each local board to be voted upon and implemented in 1970. In the interim, the new law provides: “ § 2590-n — Transitional provisions * * * § 6. This act shall take effect immediately; but no contract may be entered into pursuant to subdivision four of section twenty-five hundred sixty-four of the education law which expires later than June thirtieth, nineteen hundred sixty-nine ”. Thus, respondents’ conduct by employing a unit administrator after June 30, 1969 upon a contract provided by subdivision 4 was also in violation of the Laws of 1969.
It appears then that respondent local board was without authority to hire the Unit Administrator. It also appears that since only petitioner has sole discretion to regulate the board, *712 and that the board cannot regulate itself, that this court should implement that discretion by appropriate remedy.
Accordingly, petitioner’s application is granted in its entirety, and a new election is directed, as requested by petitioner, to fill the existing vacancies. Said election shall be held under the auspices and supervision of the American Arbitration Association as Election Administrator on September 18, 1969 from 4:00 p.m. to 10:00 p.m. inclusive. It is understood that the only persons eligible to vote in said election are those persons who are parents of a child or children presently enrolled as a pupil within the Two Bridges Model School District. Thereafter a unit administrator may be hired by an affirmative vote of not less than a majority of 10 members, subject to the prospective application of chapter 330.